## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

|  |  |  |
|---|---|---|
| SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BETTYE HARBISON ANDERSON TRUST, BETTY JO HARBISON, Successor Trustee of Bettye Harbison Anderson Revocable Trust; WSJ FARMS PARTNERSHIP; and WSJ PROPERTIES, LLC.<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Southern Farm Bureau Casualty Insurance Company ("Farm Bureau") files this Complaint seeking a declaration of the rights and obligations of the parties under a contract of insurance it entered into with Bettye Harbison Anderson and the Bettye Harbison Anderson Trust (the "Trust").

### THE PARTIES

1. Plaintiff, Farm Bureau, is a Mississippi corporation with its principal place of business in Ridgeland, Mississippi.

2. Defendant, Betty Jo Harbison, is a resident of the Ashley County, Arkansas.

3.      Defendant, WSJ Farms Partnership ("WSJ Farms"), is an Arkansas general partnership. Upon information and belief, its partners are Larry Williams, Paul Johnson, and Jesse Lynn Smith. Larry Williams is a resident of Mountain Home, Arkansas. Paul Johnson is a resident of Monticello, Arkansas. Jesse Lynn Smith is a resident of Rayville, Louisiana.

4.      Defendant, WSJ Properties, LLC ("WSJ Properties"), is an Arkansas limited liability company with its principal place of business in McGehee, Desha County, Arkansas. Upon information and belief, its members are Larry Williams, Paul Johnson, and Jesse Lynn Smith. Larry Williams is a resident of Mountain Home, Arkansas. Paul Johnson is a resident of Monticello, Arkansas. Jesse Lynn Smith is a resident of Rayville, Louisiana.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.  Complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.00.

6.      Venue in this Court is appropriate pursuant to 28 U.S.C. §1391. Defendants Bettye Harbison Anderson Trust, Betty Jo Harbison, WSJ Farms, and WSJ Properties are subject to personal jurisdiction here. The insurance policy upon which Plaintiff brings this action was issued to an individual resident of Arkansas. As set forth further herein, the Trust and WSJ Farms entered into a lease agreement, which provides the basis of the underlying claim that is at issue in this Complaint for Declaratory Relief.

## NATURE OF THIS ACTION

7.      This is an action for declaratory relief pursuant to 28 U.S.C. §2201 for determining issues of actual controversy between the parties.

8.      Farm Bureau brings this action seeking a declaration of the rights and obligations of the parties under a policy of insurance (the "Policy").  A certified copy of the Policy and declaration page is attached hereto as Exhibit A.

9.      Defendant, Betty Jo Harbison, has claimed that she is entitled to a defense and indemnity from Farm Bureau for an underlying action which has been brought against the Trust by WSJ Farms and WSJ Properties in the Circuit Court of Ashley County, Arkansas, Case No. CV-2016-130-3 (the "Underlying Lawsuit").

10.      Plaintiffs in the Underlying Lawsuit allege that they entered into a lease agreement with the Bettye Harbison Anderson Trust for the lease of property located in Ashley County, Arkansas.

11.      The Underlying Lawsuit further alleges WSJ Farms made certain improvements upon the leased premises, and that pursuant to the lease agreement, the Trust is to bear the costs of said improvements. WSJ Farms stated that it had made demand upon the Trust, but the Trust refused to pay.

12.      Farm Bureau reserved its rights to decline the duty to defend and indemnify Betty Jo Harbison and the Bettye Harbison Anderson Trust against the Underlying Lawsuit.

13.      An actual, substantive, and justifiable controversy exists between the parties concerning their respective rights, duties, and obligations under the Policy with respect to the Underlying Lawsuit and any other causes of action that may arise out of the actions alleged in the Underlying Lawsuit.

## <u>FACTUAL BACKGROUND</u>

*The Insurance Policy*

14.     According to the Certified Declaration Page, at the time of the alleged breach of contract, the Policy was held by Bettye Harbison Anderson, individually, and bears the number GL000219203. The Policy was in force during all times relevant to the Underlying Lawsuit, from March 17, 2015, to March 17, 2016.

15.     During the relevant time period, the Policy lists as its insured Bettye Harbison Anderson.

16.     The Policy provides the following coverages: Public Bodily Injury Liability; Employers Bodily Injury Liability to Farm Employees; Property Damage Liability; Medical Payments; and Farm Products Liability.

17.     The Policy further lists the following properties under its coverages: 750 Acres in Ashley County, Arkansas.

18.     Said Policy provides in relevant part as follows:

## III.    DEFINITION OF INSURED

The unqualified word "insured" includes (a) the named insured, and if a resident of his household, his spouse, the dependent relatives of either, and any other person under the age of twenty-one in the care of an insured.

## IV.    OTHER DEFINITIONS

(b)     "**Business**" The word "business" includes trade, profession or occupation, other than farming and roadside stands maintained principally for the sale of the insured's farm produce. Coverage is provided for only those businesses described in the declarations of the policy or added by endorsement.

(e)     "**Occurrence**" means an event, or continuous or repeated exposure to conditions, which unexpectedly causes injury during the policy period. All such exposure to substantially the same general conditions existing at or emanating from each premises location shall be deemed one occurrence.

(i)    **"Commercial Operations"** means any business other than farming.

**V.    POLICY PERIOD**

This policy applies only to accidents or occurrences which take place during the policy period.

**EXCLUSIONS**

This policy does not apply:

(a)    to any business pursuits or farming operations not solely owned by the named insured, or to the rendering of any professional services or the omission thereof, or to any act or admission in connection with the premises, other than as defined, which are owned, rented or controlled by an insured;

**ENDORSEMENT GL118**

**ADDITIONAL DEFINITIONS**
Subject to all other terms and conditions of the policy to which this endorsement is attached, it is understood by, and agreed between, the Company and the Named insured that this endorsement amends the General Liability policy, by adding the following definitions to part IV, Other Definitions:

P.    The words "Property Damage" mean:

(1) physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

(2) loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it**.**

*The Underlying Lawsuit*

19.    The Underlying Lawsuit, captioned *WSJ Farms Partnership and WSJ Properties, LLC v. Betty Jo Harbison*, *No. CV-2016-130-6*, has been brought in the Circuit Court of Ashley County, Arkansas. A copy of the Complaint, along with its exhibits, in the Underlying Lawsuit is attached hereto as Exhibit "B."

20.    In its Complaint, WSJ Farms alleges that it entered into a lease agreement with the Trust , and although the agreement was never signed, it served as the basis of the parties' oral

or implied agreement. WSJ alleges that in the alternative it was a holdover tenant under the executed 2014 Cash Farm Lease. A copy of said lease is attached to the underlying Complaint as Exhibit "B."

21.     WSJ Farms further alleges that it, along with its agent WSJ Properties, LLC, performed certain improvements and repairs to the property for the use and benefit of the Trust. According to WSJ Farms, the underlying agreement provided that any major improvements or major repairs to buildings, sheds, or power units for wells were to be at the expense of the lessor.

22.     WSJ Farms apparently made demand upon the Trust for payment pursuant to the terms of the agreement; however, the Trust refused to pay for the repairs and improvements. Thus, WSJ Farms alleges that the Trust has breached the agreement, and it has asked for damages in the amount of $99,600.00.

## COUNT I

### DECLARATORY RELIEF

23.     Farm Bureau realleges each allegation numbered 1 to 22 as if set forth fully and completely herein.

24.     Farm Bureau is under no obligation to defend or indemnify Betty Jo Harbison or the Bettye Harbison Anderson Trust with respect to the Underlying Lawsuit for the following reasons:

          a.     Coverage is barred to the extent that the Bettye Harbison Anderson Trust does not meet the definition of insured as contemplated by the Policy. The Trust was neither described nor listed in the policy declaration during the policy period in which the underlying events took place, and as such, it was not covered under the Policy;

    b.    Coverage is barred to the extent that the Policy specifically excludes "any business pursuits or farming operations not solely owned by the named insured . . . or to any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an insured . . . ."

    c.    Coverage is barred to the extent that an action for breach of contract is not a covered loss. Plaintiff affirmatively states that the only covered losses listed on the Declaration Page are: Public Bodily Injury; Employers Bodily Injury Liability to Farm Employees; Property Damage Liability; Medical Payments; and Farm Products Liability.

25.    In addition to these specific provisions, other provisions of the Policy may operate to bar coverage for the Bettye Harbison Anderson Trust regarding the Underlying Lawsuit.

WHEREFORE, Southern Farm Bureau Casualty Insurance Company respectfully demands that judgment be entered in its favor and against the Bettye Harbison Anderson Trust, Betty Jo Harbison, WSJ Farms Partnership, and WSJ Properties, LLC, declaring that there is no coverage under the Policy for the Underlying Lawsuit, awarding its costs and fees in this matter, and awarding it all other relief to which it is entitled.

Respectfully submitted,

TURNER LAW FIRM
P.O. BOX 1225
CABOT, ARKANSAS 72023-1225
(501) 941-2210


    /s Kaleb M. Jones
ANDY L. TURNER, BAR ID #97145
KALEB M. JONES, BAR ID #16210


*Attorneys for Plaintiff,*
*Southern Farm Bureau Casualty Insurance*
*Company*